Approved: _____
ANDREW D. BEATY/SAGAR K. RAVI
Assistant United States Attorneys

Before:  HONORABLE RONALD L. ELLIS
United States Magistrate Judge
Southern District of New York

16 MAG 6125

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :   **SEALED COMPLAINT**
                                :
         - v. -                  :   Violation of
                                :   21 U.S.C. § 846
ANGEL CAMILO,                    :
ONOFRE BENARD FEAR,              :   COUNTY OF OFFENSE:
AURADEL NEGRIN, and              :   BRONX
EDMUNDO AISPURO,                 :
                                :
         Defendants.             :
                                :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

GJORE JUZMESKI, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

**COUNT ONE**
**(Narcotics Conspiracy)**

1. On or about September 26, 2016, in the Southern District of New York and elsewhere, ANGEL CAMILO, ONOFRE BENARD FEAR, AURADEL NEGRIN, and EDMUNDO AISPURO, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ANGEL CAMILO, ONOFRE BENARD FEAR, AURADEL NEGRIN, and EDMUNDO AISPURO, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.      The controlled substance that ANGEL CAMILO, ONOFRE BENARD FEAR, AURADEL NEGRIN, and EDMUNDO AISPURO, the defendants, conspired to distribute and possess with the intent to distribute was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4.      I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses, and others, as well as my examination of report and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where figures, calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

5.      During the course of this investigation, I and other DEA agents received information regarding a delivery of narcotics on the morning of September 26, 2016 in or around the vicinity of a specific building located on Godwin Terrace between West 231st Street and Kimberly Place in the Bronx, New York (the "Building"). In response to this information, I and other agents established surveillance in the area of the Building on the morning of September 26, 2016.

6.      Based on my participation in surveillance of the area in or around the Building on the morning of September 26, 2016, and my conversations with other law enforcement officers who conducted surveillance, I have learned the following, in substance and in part:

a.      On or about September 26, 2016, at approximately 8:30 a.m., a black Jeep Compass with a certain New Jersey license plate (the "Jeep") arrived and parked on Godwin Terrace in front of the Building. The Jeep was driven by ONOFRE BENARD

FEAR, the defendant, and EDMUNDO AISPURO, the defendant, was in the passenger seat of the Jeep.

        b. FEAR and AISPURO exited the Jeep, and after walking in or around the vicinity of the Building for approximately thirty minutes, FEAR and AISPURO returned to the front of the Building.

        c. FEAR and AISPURO then approached the rear of the Jeep. ANGEL CAMILO, the defendant, who was observed coming from the opposite side of Godwin Terrace across from the Jeep, approached the rear of the Jeep at the same time as FEAR and AISPURO.

        d. CAMILO took a large black luggage bag with wheels (the "Luggage") that was in the Jeep and rolled the Luggage toward the rear of a black Nissan Altima with a certain New Jersey license plate (the "Nissan"), which was parked on the opposite side of Godwin Terrace across from the Jeep. AURADEL NEGRIN, the defendant, was sitting in the driver's seat of the Nissan, which had its engine running.

        e. Law enforcement officers then approached CAMILO and NEGRIN in or around the Nissan and FEAR and AISPURO in or around the Jeep. FEAR, AISPURO, and CAMILO each spontaneously told the officers, in substance and in part, that the Luggage was not theirs.

        f. Law enforcement arrested CAMILO, NEGRIN, FEAR, and AISPURO and seized the Luggage.

    7. Based on my participation in the seizure of the Luggage and my conversations with other law enforcement officers who were involved in the search of the Luggage, I have learned the following, in substance and in part:

        a. Approximately twenty minutes after law enforcement seized the Luggage, a trained drug dog (the "Dog") was brought to the Luggage and reacted to the Luggage by biting and scratching at it. The Dog's reaction to the Luggage indicated a positive alert for the presence of controlled substances.

        b. Pursuant to a judicially authorized search warrant for the Luggage, law enforcement officers searched the Luggage and recovered approximately forty brick-sized packages that appeared similar in size and weight, which weighed a total

of approximately 50 kilograms. Two of those packages were subsequently opened and contained a brown powdery substance that resembled heroin. The powdery substance was later field tested for the presence of narcotics and tested positive for the presence of heroine.

8. Based on my conversations with other law enforcement officers, I have learned, in substance and in part, that approximately $1,600 in cash was recovered from the glove compartment of the Jeep during an inventory search of the Jeep.

WHEREFORE, I respectfully request that ANGEL CAMILO, ONOFRE BENARD FEAR, AURADEL NEGRIN, and EDMUNDO AISPURO, the defendants be imprisoned or bailed, as the case may be.

SPECIAL AGENT GJORE JUZMESKI
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me this
26th day of September, 2016

THE HONORABLE RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK